# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

J.M. and M.M.,                        :      Civil Action No. 07-2861(NLH)
on behalf of A.M., and               :
J.M. and M.M., individually,         :
                                     :
                                     :      **OPINION**
          Plaintiffs,                :
                                     :
     v.                              :
                                     :
EAST GREENWICH TOWNSHIP              :
BOARD OF EDUCATION,                  :
et al.,                             :
                                     :
          Defendants.                :

**APPEARANCES:**

Alan A. Reuter, Esquire
Nash Law Firm LLC
1001 Melrose Avenue
Suite A
Blackwood, NJ 08012

     *Attorney for Plaintiffs*

William S. Donio, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, NJ 08401-4891

     *Attorney for Defendants*

**HILLMAN**, District Judge

     This matter has come before the Court on plaintiffs' motion
for reconsideration of the Court's March 25, 2008 Opinion and
Order granting in part and denying in part defendants' motion to
dismiss.  For the reasons expressed below, plaintiffs' motion
will be denied.

## BACKGROUND

Plaintiffs, J.M. and M.M., are parents to their son, A.M., who at the time of the filing of their complaint was seven years old and a student in the East Greenwich School District.  When A.M. was born, he was diagnosed with Noonan Syndrome, which is a genetic disorder.  A.M. takes medication for a heart condition and he suffers from bilateral severe sensorineural hearing loss.

Plaintiffs filed a ten count complaint alleging numerous violations arising out of the development of an Individualized Educational Plan ("IEP") for A.M. for the 2006-2007 school year. Defendants moved to dismiss all of plaintiffs' claims except for their IDEA claim.  In the Court's March 25, 2008 Opinion, the Court granted defendants' motion to dismiss as to plaintiffs' 42 U.S.C. § 1983 claim, as well as their claims for breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, fraud, and civil conspiracy.  The Court denied defendants' motion as to plaintiffs' IDEA, ADA, Rehabilitation Act, and NJLAD claims, except that plaintiffs' ADA and Rehabilitation Act claims were dismissed as to the individual defendants.  Plaintiffs have now moved for reconsideration of the dismissal of their § 1983, fraud, and civil conspiracy claims. Defendants have opposed this motion.

2

**DISCUSSION**

**A.    Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration.  It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Id.  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that

3

the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**B.  Analysis**

**1.  *Whether plaintiffs' claims arising under § 1983 should be reinstated***

The Court dismissed plaintiffs' § 1983 claim for three reasons: (1) a separate cause of action does not exist for a violation of § 1983; (2) plaintiffs cannot bringing their IDEA, ADA, and Rehabilitation Act claims pursuant to § 1983; and (3) plaintiffs had not alleged any constitutional violation claims, or claims arising under any other federal law.  Plaintiffs argue that dismissal of this claim was improper because they did allege constitutional violations.  Plaintiffs also argue that this claim should be reinstated because they stated a viable claim under the NJLAD for hostile work environment, and plaintiffs contend that such a claim is permitted to be brought pursuant to § 1983.

With regard to plaintiffs' contention that they asserted constitutional violations in their complaint, plaintiffs refer the Court to ¶¶ 228 and 230 in their complaint.  In these two paragraphs, plaintiffs allege that the defendants "acted under color of law and with callous and deliberate indifference to the

4

rights A.M., M.M. and J.M., and to A.M.'s rights as a child with a disability and to the procedural and substantive protections guranteed to A.M. and his parents by federal and state laws, including IDEA, section 504, ADA, and implementing state and federal laws and regulations, as well as the Constitution of the United States and the New Jersey Constitution," and that they "have been irreparably harmed by Defendants' acts or failures to act to guarantee the federal constitutional and/or statutory rights of" plaintiffs.  (Compl. ¶¶ 228, 230.)

These general allegations of constitutional violations do not rise to the level required by Federal Civil Procedure Rule 8(a)(2).  Rule 8(a)(2) requires that a pleading must contain a "short and plain statement" that gives defendants fair notice of what plaintiffs' claim is and the grounds upon which it rests. Even though plaintiffs alleged that defendants violated their constitutional rights, it is not for the Court or defendants to surmise which provisions in the federal and state constitutions plaintiffs claim defendants violated.[1]  Consequently, plaintiffs have not shown that the Court overlooked properly-pleaded constitutional violation claims when dismissing their § 1983 claim.

---

[1] If plaintiffs wish to amend their complaint to include allegations specifying which provisions defendants allegedly violated, plaintiffs may file a formal motion for leave to amend pursuant to Rule 15(a).

With regard to plaintiffs' argument that they are permitted to bring their hostile environment claim arising under the NJLAD pursuant to § 1983, plaintiffs cite to Joyce v. City of Sea Isle City, 2008 WL 906266, *7 (D.N.J. March 31, 2008) (Kugler, J.). Plaintiffs, however, do not cite to a specific holding in Joyce to support their position, and they do not articulate how Joyce demonstrates an intervening change in law requiring this Court to alter its analysis.

In Joyce, the plaintiffs alleged that the ongoing verbal and physical abuse the plaintiff-student suffered at the hands of his classmates gave rise to a hostile school environment to which defendants acquiesced, and that this affirmative conduct and deliberate indifference on the part of defendants violated the plaintiffs' rights to equal protection. Joyce, 2008 WL 906266 at *17. The plaintiffs brought this claim pursuant to § 1983 for a violation of the Fourteenth Amendment, and Judge Kugler determined that the defendants were entitled to qualified immunity on this claim. It is unclear how this ruling, even it were to be considered an "intervening change in controlling law," would alter this Court's analysis dismissing plaintiffs' § 1983 claim. Consequently, plaintiffs' motion for reconsideration on this issue must be denied.[2]

---

[2]The Court notes that plaintiffs' hostile environment claim brought under the NJLAD survived defendants' motion to dismiss.

6

### 2. *Whether plaintiffs' fraud claim should be reinstated*

In the Court's March 25, 2008 Opinion, plaintiffs' fraud claim was dismissed because the Court found that plaintiffs failed to meet the heightened pleading standard for fraud claims required by Fed. R. Civ. P. 9(h), and because plaintiffs failed to allege the five elements of common law fraud. Plaintiffs disagree with this decision, arguing that a "liberal reading of the lengthy and specific Complaint" warrants that the fraud claim survive.

Plaintiffs have failed to meet the Local Rule 7.1(i) standard for reconsideration. Plaintiffs have merely expressed disagreement with the Court's consideration of their fraud claim, rather than demonstrating an intervening change in the controlling law or the need to correct a clear error of law or fact or to prevent manifest injustice. Consequently, plaintiffs' motion for reconsideration on their fraud claim must be denied.

### 3. *Whether plaintiffs' conspiracy claim should be reinstated*

The Court also dismissed plaintiffs' conspiracy claim. The Court determined that the conspiracy claim must be dismissed because it was simply plaintiffs' IDEA claim recast as an alleged civil conspiracy. More specifically, the Court found that plaintiffs' conspiracy claim failed because there was no viable

7

tort claim against any of the defendants, and because plaintiffs did not allege that all the defendants, or even some of the defendants, had an agreement to injure A.M. or his parents.  The Court found that the fact that defendants collaborated in the development of A.M.'s educational plan, which the parents ultimately objected to, did not automatically create a conspiracy to harm plaintiffs.

Plaintiffs argue that their conspiracy claim should be reinstated because their fraud claim should be reinstated, and with the reinstatement of their fraud claim, they have alleged an actionable tort.  Plaintiffs also argue that their NJLAD claim qualifies as an actionable tort.  Additionally, plaintiffs argue that a tort is not required, but rather an allegation of an "independent wrong" or "unlawful act."  Finally, plaintiffs argue that they properly alleged an agreement between the parties.

Plaintiffs arguments fail.  First, plaintiffs' fraud claim is not being reinstated, and thus, cannot serve as a basis for their fraud claim.  Second, plaintiffs' argument that their NJLAD claim is a tort is unavailing.  To support this argument, plaintiffs cite to Montells v. Haynes, 627 A.2d 654, 661 (N.J. 1993), which determined that a two-year statute of limitations should apply to NJLAD claims because the injuries for a NJLAD violation are more similar to personal-injury claims than for breach of contract type claims, which have a six-year statute of

8

limitations period.  <u>Montells</u>, however, does not stand for the proposition that a NJLAD violation is a tort.

Regardless of whether the NJLAD is a tort, or whether a common law conspiracy claim requires the existence of a viable tort claim or something other than a tort, plaintiffs did not properly plead an independent cause of action for common law conspiracy that evidences something other than their IDEA, ADA, Rehabilitation Act, or NJLAD claims.  Plaintiffs direct the Court to ¶ 269 in their complaint where they allege, "Defendants Heade and Harris, by their conduct as aforesaid, in their individual and official capacities, with malicious and fraudulent intent, and willfully, agreed between themselves to and did discriminate against A.M., M.M. and J.M. and violate and abuse the IDEA and applicable laws for their own benefit and to the detriment of A.M., M.M. and J.M. and with disregard for the rights and welfare of Plaintiffs."

This allegation does not support a claim of conspiracy because it is simply a bald allegation that the defendants "agreed" to violate the IDEA, ADA, Rehabilitation Act and the NJLAD.  Plaintiffs may ultimately prove that these defendants violated those laws, but simply stating that defendants "agreed" to violate those laws is insufficient to state a separate claim for common law civil conspiracy.  Accordingly, plaintiffs have not persuaded the Court that it should reconsider the dismissal

9

of their civil conspiracy claim.

## **CONCLUSION**

For the reasons expressed above, plaintiffs' motion for reconsideration must be denied.  An appropriate Order will be entered.


Date: August 27, 2008            s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.